IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| James Coppers McKee, Jr., <br><br> Petitioner, <br><br> v. <br><br> Warden, FCI Edgefield Satellite Prison Camp, <br><br> Respondent. | C/A No.: 1:22-cv-2594-SAL <br><br><br> **ORDER** |

This matter is before the court for review of the March 21, 2023 Report and Recommendation of United States Magistrate Judge Shiva V. Hodges, made in accordance with 28 U.S.C. § 636(b)(1)(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). [ECF No. 24.] In the Report and Recommendation ("the Report"), the magistrate judge recommends dismissing this action for failure to prosecute. *Id.* at 2. Attached to the Report was a notice advising the parties of the procedures and requirements for filing objections to the Report. *Id.* at 4. The Report was mailed to Petitioner at the address he has provided to the court, but it was returned as undeliverable. [*See* ECF Nos. 25, 26.] Petitioner has not provided the court with a new address at which he receives mail, and the record indicates no attempt by Petitioner to contact the court since he requested an extension of time on December 2, 2022 to respond to Respondent's motion to dismiss. [ECF No. 15.] At that time, the court granted Petitioner's motion for an extension of time, but Petitioner failed to file any response in opposition to the motion to dismiss. [*See* ECF No. 18.]

1

As referenced above, the magistrate judge has recommended that this case be dismissed for failure to prosecute.[1] It is well established that a district court has authority to dismiss a case for failure to prosecute. "The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962). In addition to its inherent authority, this court may also *sua sponte* dismiss a case for lack of prosecution under Fed. R. Civ. P. 41(b).

As set forth above, the court has attempted to advise Petitioner that his case is subject to dismissal for failure to prosecute, but he has not provided the court with his current address. Plaintiff has failed to prosecute this case, and the case is subject to dismissal. Accordingly, the court **ADOPTS** the Report and **DISMISSES** this action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

April 20, 2023
Columbia, South Carolina

/s/Sherri A. Lydon
Sherri A. Lydon
United States District Judge

---

[1] The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of only those portions of the Report that have been specifically objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).